## TIMETRUST, Inc., et al. v. SECURITIES AND EXCHANGE COMMISSION.

### No. 9823.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1944.

Keyes & Erskine and Louis Ferrari, all of San Francisco, Cal., for appellants Bank of America and L. M. Giannini.

Dreher, McClellan & McCarthy, of San Francisco, Cal., for appellant A. P. Giannini.

John L. McNab, of San Francisco, Cal., for appellant John M. Grant.

Bacigalupi, Elkus & Salinger and Claude N. Rosenberg, all of San Francisco, Cal., and Gumpert & Mazzera and Harry A. Mazzera, all of Stockton, Cal., for appellants Timetrust, Parker, Wood and Blanchett.

John F. Davis, Sol., and J. Leonard Townsend, Sp. Asst. Sol., both of Philadelphia, Pa. (Douglas M. Orr, of Philadelphia, Pa., of counsel), for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This case was brought by the Securities and Exchange Commission to enjoin the operation of a plan devised for the purpose of selling the capital stock of the Bank of America National Trust and Savings Association. On July 31, 1942 this court filed an opinion and order remanding the cause for specific finding of fact as to whether or not the defendants, or any of them, devised a fraudulent scheme such as denounced by the statute. 9 Cir., 130 F.2d 214, 220. The reason for this order was pointed out in the opinion. In the course of the opinion the court said:

"* * * there is conflicting evidence on the issue of fact, upon which the required finding is to be made, from which the court may draw inferences for or against a finding of the fraud which the district judge has stated as a conclusion of law. The responsibility for a decision on the facts lies with the trial court and

we do not wish to in any wise interfere with such decision."

The court also said: "It is evident that those concerned with the plan might well consist of those who honestly approved an honest plan and those who took advantage of the plan to commit fraud in its operation."

Attention was also called to the fact that the salesmen who were charged with the fraudulent practices were not parties to the action. The opinion stated: "It should be observed that the actual perpetrators of the fraud, the forty or fifty salesmen, are not parties here, and that the question is as to whether or not the defendants launched a fraudulent scheme. We are of the opinion that the case should be remanded to the trial court for a specific finding of fact as to whether or not the defendants, or any of them, devised a fraudulent scheme such as is denounced by the statute."

In pursuance of the order remanding the case for further findings the court entered such a finding holding that all the defendants were guilty of the fraudulent practices alleged and returned the proceedings to this court for further action.

■ One of the principal questions argued by the defendants is whether the evidence supports the findings as made. The appellee contends that this question is foreclosed by the opinion of the court upon which the order remanding the case is based. We do not agree with this contention. If this court had decided the case on the record that was before it and had held that the evidence was not sufficient to sustain the finding and had then remanded the case for a new trial, the decision that the evidence adduced upon the first trial was insufficient to support a finding of fraud would constitute the law of the case upon the second appeal. But the court did not take such a course for the reason that it wished to consider the case after the trial court had performed its function of finding the facts. We therefore find no obstacle to a consideration of the appeal upon the present record upon the merits.

■ It is unnecessary to make an elaborate statement of the case because the reference to the court's previous opinion will sufficiently indicate the main facts. As there pointed out, the plan under consideration was devised for the purpose of selling shares in the Bank of America National Trust and Savings Association in such a way that the purchaser would pay a certain amount each month for a period of ten years and each payment was to be used to purchase such bank stock at the current market price. All the defendants participated in greater or less degree in the adoption of the plan as indicated for the sale of the bank stock. Timetrust, Incorporated, was organized and incorporated for the purpose of conducting a sales campaign, the issuance of certificates showing the rights of the purchaser in the stock purchased on his behalf and indicating the obligation of the purchaser to pay in monthly installments for the purchase of such stock. Title to the stock was to be held in trust by the Title Insurance & Guaranty Company. At the outset of the campaign to sell stock a bulletin was issued by defendant Meredith Parker indicating the nature of the campaign. Some forty or fifty salesmen were employed to conduct the campaign and various bulletins were issued to them by Timetrust officials to instruct them how to present the matter to prospective purchasers. One of the first bulletins issued contained this statement:

"Another point to be emphasized is that 'stock' be not discussed. 'Bank of America stock,' 'stock on the installment plan,' etc., awaken in the prospective trustor's mind pictures of the general stock market, brokerage business, and poor experience of the public generally in buying equities."

We need go no further to find evidence of the fraudulent scheme, a scheme to sell stock to the public by concealing from them the fact that they were buying stock. The evidence shows various statements made by salesmen to prospective purchasers, twelve of whom testified in the case. It is claimed in the complaint that the scheme was to represent to the purchaser that he was purchasing a plan similar to a savings bank account; that the Bank of America stood behind the transaction; that the system was one of dollar averaging, a newly discovered principle by which it was impossible to make mistakes in purchasing stock. The evidence of the twelve purchasers under the plan as to representations made to them at the time of the transaction did not disclose a consistent plan of misrepresentation, nor is the evidence entirely satisfactory for the witnesses when cross-examined failed to remember the sales talk which had been addressed to them, sometimes for hours at a time, with

746

the single exception of some phrase such as, "it is like a savings bank account;" or, that "the bank was behind the plan". We are not concerned on this appeal with the question of misrepresentation of fraud perpetrated in an individual case but with the plan or scheme to which the injunctive process of the court should be addressed. It must be evident that where solicitors are engaged in an effort to sell stock and are instructed not to mention the fact that they are selling stock the idea is open to all sorts of misrepresentations. For this reason we feel the trial court was justified in its finding so far as the defendants Timetrust, Incorporated, and its officers, Meredith Parker, Ralph W. Wood, and H. E. Blanchett, are concerned.

With reference to the other defendants spoken of in the brief as aiders or abettors, namely, Bank of America National Trust and Savings Association, A. P. Giannini, L. Mario Giannini and John M. Grant, now deceased, there is no evidence that they participated in any way in the selling campaign. Persons making the misrepresentations were employed by Timetrust, Incorporated.

 The appellee relies upon evidence that the 495 branch banks in the state were under instruction to receive payments under the plan and enter a receipt thereof in the pass book or receipt book presented to them by the purchaser and that some of the employees of the bank had spoken favorably of the plan to customers who had approached them for suggestion. This evidence was objected to by the last mentioned defendants on the ground that such statements were entirely unauthorized by the bank and its officials and not binding on the bank. It is true that these statements were not made in performance of their duties nor in the ordinary course of business and were made notwithstanding every effort on behalf of those conducting the plan to prevent the inference that the bank was a participant in the plan. We do not quote this evidence at length because even if it be conceded to be admissible against the bank it purported to be nothing more than the individual opinion of the particular official or employee speaking and had no reference to the plan of the stock-selling campaign which, as we have indicated, required concealment of the nature of the transaction from the prospective purchaser.

The appellants cite numerous instances in which they claim that the trial judge rejected evidence which they should have been allowed to introduce and sustained objections to evidence which they desired to introduce. Most of this evidence was for the purpose of impeaching witnesses. In some of these instances the court committed error but in view of the character of the campaign, which is not disputed, and the instructions to salesmen, which we have quoted, the rulings were not prejudicial.

The purpose of the action is to enjoin the continued prosecution of the plan which we are informed by the briefs has long since been abandoned. It is not claimed that the case has become moot.

Many other points are presented by the appellants but in view of our conclusion it is unnecessary to specifically consider them.

The decree is affirmed as to Timetrust, Incorporated, Meredith Parker, Ralph W. Wood and H. E. Blanchett; and reversed as to Bank of America National Trust and Savings Association, A. P. Giannini, and L. Mario Giannini.

DENMAN, Circuit Judge, did not participate in this decision.